UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW GANTT,

                Plaintiff,

    v.

JANET RHOTON,

                Defendants.

Case No. C19-5352 RBL-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 7. The Court has considered the record and finds that plaintiff's motion for counsel should be denied at this time, without prejudice. Plaintiff will be allowed to renew this motion if, at a later time in the proceedings, exceptional circumstances would require appointment of counsel.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 1

1  plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue
2  involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v.*
3  *Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may
4  be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Here, plaintiff filed his complaint *pro se* and has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court. Plaintiff's allegations indicate that this is not a complex case involving complex facts or law.

In addition, plaintiff presents no evidence to show that he is likely to succeed on the merits of his case. While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Plaintiff contends that he has limited legal knowledge and time-restricted access to the prison law library, but this alone is not sufficient to require appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (noting that contended exceptional factors were "difficulties which any litigant would have in proceeding pro se"). Thus, plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel or to show that exceptional circumstances require the Court to appoint counsel at this stage.

As plaintiff has not shown appointment of counsel is appropriate at this time, the motion for the appointment of counsel (Dkt. 7) is DENIED without prejudice.

The Clerk shall send a copy of this Order to plaintiff.

Dated this 24th day of June, 2019.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 3