UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW GANTT,

        Plaintiff,

v.

JANET RHOTON,

        Defendants.

Case No. C19-5352 RBL-TLF

ORDER TO SHOW CAUSE AND ESTABLISHING BRIEFING SCHEDULE

On Thursday, September 26, 2019, plaintiff filed a motion for an "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order." Dkt. 28. Plaintiff claims that he was denied medical attention for "seeing splotches and spitting blood" on September 15, 2019, and that he fears for his life if he should wait to bring his request for medical attention through the grievance system. *Id.* at 2. Plaintiff alleges that his current situation is life-threatening and requires immediate intervention by the court. Despite the allegations of a serious safety concern, the court may not order a preliminary injunction or temporary restraining order ("TRO") unless plaintiff shows that the conditions necessitating the court's intervention stem from the claim in his complaint.

To obtain a preliminary injunction or TRO, the moving party must demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); see also

ORDER TO SHOW CAUSE AND ESTABLISHING
BRIEFING SCHEDULE - 1

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the same substantive standard applies to TROs and preliminary injunctions). To fulfill the "irreparable harm" requirement, the movant "must demonstrate immediate threatened injury" and "do more than merely allege imminent harm." *Associated Gen. Contractors of California, Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

Plaintiff's motion is deficient, because the conduct of which he complains not clearly a part of the claim in his civil action. Plaintiff cannot establish a likelihood of success on the merits of a claim that has not been raised in a complaint. Plaintiff's current complaint names only Janet Rhoton, a supervisor at Pierce County Jail, as defendant, and his motion for a TRO describes the conduct of unnamed guards and a nurse. Plaintiff has moved for leave to amend his complaint to include other defendants (Dkt. 21), but at this point the connection is tenuous between plaintiff's complaint and his current quality of medical treatment.

Secondly, plaintiff has not attested, nor has the defense attested, whether plaintiff is a pre-trial or post-conviction detainee, which determines the rights that form the basis of plaintiff's medical claim. If plaintiff is incarcerated after his conviction at trial, then the Eighth Amendment prohibits "deliberate indifference" to plaintiff's serious medical needs, according to the *subjective* intent of the defendant. *Colwell v. Bannister*, 763 F.3d 1060, (9th Cir. 2014); *see Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010). If plaintiff has not yet stood trial, then the Due Process Clause of the Fourteenth Amendment governs his rights and prohibits *objectively* deliberate indifference to plaintiff's medical needs: "something akin to reckless disregard" of the risks to plaintiff. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). To determine the applicable legal standard by which the Court makes an assessment

of whether injunctive relief is warranted, plaintiff and/or defendant must provide this elementary fact.

Furthermore, a party may obtain a TRO without notice to the adverse party, but only after providing "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and providing a certified explanation of why notice should not be required. Fed. R. Civ. P. 65(b)(1). Plaintiff's motion is unclear as to the specific relief sought from the Court and does not provide specific facts to give the defense notice of the basis upon which he seeks a temporary restraining order or preliminary injunction.

Plaintiff is directed to submit an affidavit on or before Friday, October 11, 2019, as to:

(1) whether plaintiff is a pretrial detainee or a post-trial inmate;

(2) how the motion for a temporary restraining order is related to plaintiff's claim; and

(3) what specific actions or relief plaintiff wishes the Court to order.

The Clerk of Court is directed to re-note plaintiff's "Motion for Order to Show Cause for Temporary Restraining Order and Preliminary Injunction" (Dkt. 28) on the Court's calendar for Friday, October 25, 2019.

Defendant shall file a response, including a response as to whether plaintiff is a pre-trial detainee or post-conviction prisoner no later than Friday, October 18, 2019.

Plaintiff's reply, if any, shall be filed no later than the note date.

Dated this 1st day of October, 2019.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE AND ESTABLISHING
BRIEFING SCHEDULE - 4