UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW GANTT,

     Plaintiff,

v.

JANET RHOTON,

     Defendants.

Case No. C19-5352 RBL-TLF

ORDER GRANTING MOTION FOR EXTENSION OF TIME, LEAVE TO AMEND, AND MOTION FOR EARLY DISCOVERY; AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT

Plaintiff Matthew Gantt, proceeding *pro se* and *in forma pauperis*, sues defendant Janet Rhoton pursuant to 42 U.S.C. § 1983, and alleges that his federal constitutional rights were violated by Ms. Rhoton at the Pierce County Jail when he was denied necessary medical treatment for schizophrenia. Plaintiff filed a motion for leave to file an amended complaint. Dkt. 21. Plaintiff requests leave to amend his complaint to add an unspecified number of defendants (referred to as the potential "Doe" defendants in this order) and include additional facts of their involvement in the alleged rights violation. *Id.* at 1-2. Plaintiff also requests sixty days to research and "set forth the correct defendants in [his] amended complaint." *Id.* at 2.

In addition, plaintiff has filed a motion to conduct early discovery. Dkt. 14. Plaintiff subsequently filed a proposed amended complaint after acquiring information about one of the potential Doe defendants a person who allegedly failed to provide him with medication for his mental illness. Dkt. 23. Plaintiff has also filed a motion for temporary restraining order or for preliminary injunctive relief, asserting that his life is in danger. Dkt. 28. Yet the facts alleged in

ORDER GRANTING MOTION FOR EXTENSION OF
TIME, LEAVE TO AMEND, AND MOTION FOR EARLY
DISCOVERY; AND DENYING DEFENDANT'S MOTION
TO DISMISS AS MOOT - 1

the motion for temporary restraining order are newly alleged and were not part of his complaint or proposed amended complaint. Dkts. 4, 23.

Defendant's motion to dismiss plaintiff's complaint for failure to state a claim is concurrently pending before this Court. Dkt. 9.

The Court must freely grant a *pro se* plaintiff leave to amend his complaint. Federal R. of Civ. P. 15(a); *see Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). Even so, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff's proposed amended complaint has abridged the facts previously attested to by plaintiff and names as defendant only a single individual of those whom plaintiff has asserted were involved, according to prior filings. The Court, on examining plaintiff's motions and proposed complaint, interprets the combined pleadings and motions such that plaintiff is requesting more time and discovery to find out who the defendants are, so that he can properly

identify them and describe precisely what each defendant allegedly did, or failed to do. Plaintiff alleges that he has a severe mental illness, he was placed on suicide watch in a segregation unit, which would make it difficult for him to acquire information. Dkt. 19 at 2. The Court will therefore grant plaintiff leave to amend his complaint, but the Court will not accept the currently proposed amended complaint.

The Court finds good cause and orders that the parties will be allowed to conduct limited early discovery. This will allow plaintiff to determine the identity of the persons that he believes are potential defendants in his case, and to determine any acts or omissions that those individuals may have undertaken with respect to his claims, so that he may file a more complete amended complaint—that would supersede his original complaint—if such facts are discovered. *See Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002); *ZG TOP Technology Co., Ltd. v. Doe,* No. C19-92-RAJ, 2019 WL 917418 (W.D. Wash. February 25, 2019) (good cause is shown where, considering the administration of justice, the need for expedited discovery outweighs prejudice to the party that is responding to the discovery). "In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process." *ZG TOP Technology Co., Ltd. v. Doe; see also, Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). These elements have been met.

ORDER GRANTING MOTION FOR EXTENSION OF TIME, LEAVE TO AMEND, AND MOTION FOR EARLY DISCOVERY; AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT - 3

This exchange of early discovery will also assist the parties in obtaining evidence for the Court to evaluate the Defendant's contention that there is an issue of whether plaintiff has exhausted administrative remedies. Dkt. 9 at 9-12, Dkts. 20, 24, 25, 26. Considering that plaintiff has made a motion for temporary restraining order and preliminary injunctive relief, it is in the best interest of the parties to have this case resolved as soon as reasonably possible. *See Optic-Electronic Corp. v. U.S.,* 683 F. Supp. 269, 271 (D.D.C. 1987) (even though plaintiff had not met the burden of proof for a temporary restraining order, the allegations were serious and early discovery was warranted). Without expedited discovery on the topics that pertain to whether plaintiff has, or has not, received constitutionally-required medical treatment, and whether there are grounds for injunctive relief, as well as issues pertaining to the affirmative defense of failure to exhaust administrative remedies, neither party has the ability to present contentions to the Court, nor does the Court have sufficient information to evaluate the parties' claims at this early stage of the litigation. *See generally, Earthbound Vorp. V. MiTek USA, Inc.,* C16-1150RSM, 2016 WL 4418013 at *11 (W.D. Wash. August 19, 2016) (in the context of a motion for temporary restraining order and for preliminary injunction, expedited discovery would be reasonable).

Plaintiff is directed to file an amended complaint on or before December 2, 2019, which shall include all of plaintiff's claims against all intended defendants, including "Doe" or unnamed defendants, all the facts connecting defendants' conduct to plaintiff's medical claim, and any other relevant facts or allegations of violations of plaintiff's constitutional rights. It must be legibly rewritten or retyped in its entirety and contain the same case number. The proposed complaint must be self-contained or incorporate any externally alleged facts by reference; any cause of action alleged in the original complaint that is not alleged in the amended complaint is

waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court **grants** plaintiff's motion for leave to amend his complaint, **grants** the plaintiff's request to conduct limited early discovery, and consequently defendant's motion to dismiss for failure to state a claim is denied as **moot**.

The parties are directed to meet and confer within 14 days of service of this order, pursuant to Fed. R. Civ. P. 26(f) and Western District of Washington Local Rule (LCR) 16(a),(c) to agree upon an expedited, narrowly tailored process for exchanging early discovery. The parties shall report to the Court the results of their conference during a telephonic hearing to be scheduled by the Court in a separate order. During this conference, the parties shall provide the Court with the status of plaintiff's custody – to inform the Court of the facts concerning whether the plaintiff is a pretrial detainee, or an inmate who is serving time in post-conviction custody.

1 | The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 1st day of October, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge