UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW GANTT,

              Plaintiff,

   v.

JANET RHOTON,

              Defendants.

Case No. C19-5352 RBL-TLF

ORDER DENYING MOTION TO APPOINT COUNSEL

This matter comes before the Court on plaintiff's fourth motion for appointment of counsel. Dkt. 77. Defendants have responded to plaintiff's motion in opposition, with the additional request that the Court impose sanctions if plaintiff should file "a similarly baseless fifth claim." Dkt. 82, at 7. The Court, finding this request premature, declines to rule on the issue of sanctions.

The Court finds that plaintiff's motion for counsel should be denied without prejudice. Plaintiff will be allowed to renew this motion if, at a later time in the proceedings, exceptional circumstances would require appointment of counsel.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)).

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

*Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff filed his second amended complaint (Dkt. 76) *pro se* and has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court. Plaintiff's allegations indicate that this is not a complex case involving complex facts or law. Plaintiff has presented no evidence to show that he is likely to succeed on the merits of his case. While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant.

Plaintiff contends that (1) he cannot afford counsel; (2) he has limited legal knowledge and access to the prison law library; (3) he has disabilities that leave him with diminished mental capacity and would not be able to represent himself due to "ongoing diminishing capacity"; (4) this case requires investigation which an attorney would be better able to do than plaintiff in his incarcerated position; and (5) plaintiff believes his case has evidence to show he is likely to succeed on the merits of his

ORDER DENYING MOTION TO APPOINT COUNSEL - 2

1  case. Dkt. 77, at 2. These restate plaintiff's prior contentions and are not sufficient to
2  require appointment of counsel.
3        The Court has previously held that none of these factors burden plaintiff beyond
4  other *pro se* litigants or render him unable to articulate his claim. Dkt. XX, at 3; s*ee*
5  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (declining to appoint
6  counsel to assist with "difficulties which any litigant would have in proceeding *pro se*").
7  Plaintiff has not raised any facts indicating a change in his circumstances, and therefore
8  he has failed in his burden to demonstrate an inability to present his claims to this Court
9  without counsel or to show that exceptional circumstances require the Court to appoint
10 counsel at this stage.
11       As plaintiff has not shown appointment of counsel is appropriate at this time, the
12 motion for the appointment of counsel (Dkt. 77) is DENIED without prejudice.
13       Dated this 11th day of May, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3